# Commonwealth v. Ferguson

*Edward E. Guido, assistant district attorney,* for the Commonwealth.

*Timothy J. Clawges,* for defendant.

BAYLEY, *J.,* December 12, 1990 — On November 21, 1990, defendant was found guilty by a jury on a count of driving under the influence.[1] On November 30, he filed a post-trial motion seeking a new trial, alleging that the court erred in its denial of the claim of a spousal privilege by Joyce Ferguson. Prior to trial, we held a hearing, after which the following order was entered:

"The Commonwealth may call Joyce Ferguson as a subpoenaed witness in this case, and she may not refuse to testify on the basis of the privilege of not testifying against defendant because she is not the spouse of defendant."

---

1. 75 Pa.C.S. §3731(a)(1) (Purdon Supp. 1990). It is defendant's fourth offense.

Joyce Ferguson then testified at trial, as a witness for the Commonwealth, to defendant's conduct, including his drinking, in the time period that immediately preceded his arrest for driving under the influence. Her testimony did not disclose any confidential communications, nor did defendant raise any claim of privilege in that regard.

At the pretrial hearing, Joyce Ferguson was the only witness called in support of *her claim* that *she* was entitled to exercise the privilege set forth in the Judicial Code at 42 Pa.C.S. §5913 (Purdon Supp. 1990), which provides in part:

"[I]n a criminal proceeding *a person shall have the privilege, which he or she may waive,* not to testify against his or her then lawful spouse. . ." (emphasis supplied)[2]

The basis for invoking this marital privilege is the existence of a valid marriage. *Commonwealth v. Maxwell,* 505 Pa. 152, 477 A.2d 1309 (1984). Joyce Ferguson testified that she married defendant, Clark W. Ferguson Jr., on July 4, 1979. She admitted that in April 1990 she had filed a petition in this court, seeking the entry of a protection from abuse order against defendant herein, in which she alleged: (1) she had been married to him on July 4, 1979; (2) she had divorced him on October 4, 1984; and (3) in 1987, she began living with him again. She testified in the case sub judice, however, that to her knowledge, there was no divorce. She understood she had filed for a divorce but she stated she had never received the final papers. At that point we ordered a recess, after which the assistant district attorney and defense counsel confirmed that the record in the Court of Common Pleas of York County, showed

---

2. The privilege is subject to certain exceptions that are not applicable in the present case.

that Joyce Ferguson and Clark W. Ferguson Jr., were divorced by a final decree dated October 4, 1984.[3]

Joyce Ferguson then testified that she had begun living with defendant "way before 1987," which was also contrary to her sworn affidavit in her prior protection from abuse petition. She testified that she was actually separated from defendant for only a couple of weeks. She stated that the neighbors, friends, and business associates of defendant and herself all understand that they are married. She testified that she owns a home with defendant, although there is no evidence in this record as to the date it was purchased. She acknowledged that there had been no ceremonial marriage other than the marriage on July 4, 1979. She never testified that she and defendant uttered any words by which they intended to remarry.[4]

Defendant was arrested on the present charge on April 19, 1990, after he had driven to a convenience store from the parties' home. When he left the home he got into his car, which was in a driveway. He backed his car into Joyce Ferguson's car which was in the same driveway, pushed her car onto the public road in front of their property, and left it in the middle of the road with the wheels jammed and the automatic transmission still in "park." Joyce Ferguson then called the County Emergency Dispatch Center, told them what defendant had just done, and stated that defendant was "drunk." After defendant was stopped by a Mechanicsburg police officer, who observed erratic driving, and arrested

---

3. The case is docketed at no. 84-S-291.

4. How could she; her position was that she did not know she was divorced. This proves, of course, that allowing a person to pursue inconsistent legal theories is based on fairness, not logic.

for driving under the influence, another officer, Brian Kluck, went to defendant's residence to check on the incident that Joyce Ferguson had reported. He found her car in the middle of the street with skid marks leading from the driveway. Joyce Ferguson admitted, in the present case, that she had told Officer Kluck that she wanted defendant out of her home, and that she was divorced.

Joyce Ferguson's assertion that she was entitled to exercise a privilege not to testify against Clark W. Ferguson, was based upon her present claim that she is now, in light of the final decree of divorce entered on October 4, 1984, the common-law wife of defendant. Initially, we hold that defendant has no standing to seek relief upon a claim that the court erred in not allowing Joyce Ferguson to exercise a privilege not to testify against him. Until 1989, a spouse, with certain exceptions, was incompetent to testify against his or her spouse. Section 5913 of the Judicial Code had provided:

"§5913. *Spouses as witnesses against each other*

"Except as otherwise provided in the subchapter, in a criminal proceeding husband and wife shall not be competent or permitted to testify against each other."[5]

In 1989, in accord with the evolving trend to divest a defendant of the privilege to bar adverse spousal testimony, see *Trammel v. United States,* 445 U.S. 40 (1980), the Pennsylvania legislature amended section 5913 to allow *the witness alone* to assert the privilege against adverse spousal testimony regarding non-confidential communications.[6]

_____

5. Derived from Act of May 23, 1887, P.L. 158, no. 89, §2(b).

6. Section 5314 of the Judicial Code relating to confidential communications, has not been amended. This privilege survives divorce. *Commonwealth v. Clark,* 347 Pa. Super. 128,

If Joyce Ferguson had not testified after her claim of privilege was denied, *she* would have been subject to the sanction of contempt. If the court had erred in ordering her to testify, and she had been held in contempt, she could have challenged the merits of the denial of her claim of privilege on appeal from the order of contempt. A fortiori, since defendant herein could not claim the privilege in section 5913 of the Judicial Code, he cannot challenge the merits of its denial to Joyce Ferguson.

Even on the merits, however, defendant is not entitled to relief. We make the following findings of fact in support of our order of November 21, 1990, denying Joyce Ferguson her claim of privilege.

(1) Joyce Ferguson has known since the divorce decree was entered on October 4, 1984, that she is divorced from defendant.

(2) Despite constant cohabitation and general reputation of marriage, Joyce Ferguson and defendant have not entered into any agreement of remarriage.

In *Manfredi Estate,* 399 Pa. 285, 159 A.2d 697 (1960), the Supreme Court stated:

"Marriage in Pennsylvania is a civil contract by which a man and a woman take each other for husband and wife. There are two kinds of marriage: (1) ceremonials; and (2) common-law. A ceremonial marriage is a wedding or marriage performed by a religious or civil authority with the usual or customary ceremony or formalities. It is too often forgotten that a *common-law marriage is a marriage by the express agreement of the parties* without ceremony, and almost invariably without a witness, *by words* — not in futuro or in postea, but — *in praesenti,* uttered with a view and for the purpose of establishing the relationship of husband and wife. . . .

500 A.2d 440 (1985).

"Because it is often difficult to prove a common-law marriage by words in praesenti, the law has created or raised a rebuttable presumption of marriage where two absolutely essential elements are conjoined and coexist — constant, as distinguished from an irregular or inconstant, cohabitation plus a reputation of marriage, which is not partial or divided but is broad and general. *Constant cohabitation, even when conjoined with general reputation are [sic] not marriage, they are merely circumstances which give rise to a rebuttable presumption of marriage.*" (citations omitted; emphasis supplied)

The burden of proving a common-law marriage must be met by the party claiming such a marriage, by clear and convincing evidence. *In re Cummings Estate,* 330 Pa. Super. 255, 479 A.2d 537 (1984). As noted by the Superior Court in the "remarriage" case of *Commonwealth ex rel. McDermott v. McDermott,* 236 Pa. Super. 541, 345 A.2d 914 (1975), there is a tenuous distinction between words in the present tense and words in the future tense; and "[t]he setting in which the words are uttered, more strongly than any delicate shading in grammar, reveals the intention of the parties." In the present case, however, there is no clear and convincing evidence, either direct or circumstantial, that Joyce Ferguson and defendant have uttered any words, of any type, whereby they intended to and entered into an agreement to remarry. Therefore, their constant cohabitation and general reputation of marriage are not alone sufficient to prove a marriage at common law. *Commonwealth ex rel. Pilla v. Pilla,* 189 Pa. Super. 302, 150 A.2d 365 (1959); *In re Estate of Fayetta M. Clayton,* 36 Cumberland L.J. 445 (1986), affd., 362 Pa. Super. 628 (1986).

In conclusion, since defendant does not have standing to raise the only issue set forth in his post-trial motion, and since, even on the merits, his claim does not provide a basis for relief, the following order is entered:

## ORDER OF COURT

And now, December 14, 1990, the post-trial motion of defendant is denied.